**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 2:04 CV 361** |
| **v.** | ) | |
| | ) | **(arising from 2:01 CR 98)** |
| **CALVIN KEY** | ) | |

**OPINION and ORDER**

**I. BACKGROUND**

This matter is before the court on Key's motion under 28 U.S.C. § 2255 and

memorandum filed in support thereof. (Mot. Under § 2255, cause no. 2:01 CR 98, docket

# 698; Memo., cause no. 2:04 CV 361, docket # 2.) Key pleaded guilty to one count of

distribution of crack cocaine, and on August 25, 2003, was sentenced to serve 188

months in prison. (Docket # 605; Mot. Under § 2255 at 1.) In exchange for his plea of

guilty, the Government filed a motion to dismiss the remaining three counts against

him, which the court granted. (Order, docket # 606.)

Key now attacks both his sentence and conviction under § 2255, making

essentially two arguments in support of his petition. A motion under § 2255 allows a

federal prisoner "in custody . . . claiming a right to be released" to attack his sentence on

the grounds that it was imposed "in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction . . ., or that the sentence was in excess

of the maximum authorized by law, or is otherwise subject to collateral attack." 28

U.S.C. § 2255 ¶ 1. "If it plainly appears from the motion, any attached exhibits, and the

record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." RULE 4, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As explained in more detail below, the court finds that an evidentiary hearing is warranted as to one distinct allegation related to one of Key's claims attacking his conviction. The remaining claims are denied as meritless.

## II. DISCUSSION

### A. Blakely and Booker

Key's primary argument, an attack on his sentence that comprises the vast majority of the brief, is based on *Blakely v. Washington,* 542 U.S. 296 (2004), and necessarily implicates *United States v. Booker,* 543 U.S. 220 (2005), a decision that did not yet exist at the time that Key filed his petition. Notably, Key waived his right to collaterally attack his sentence in his plea agreement. That waiver states: "I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under Title 28, United States Code, Section 2255." (Pet. to Enter Change of Plea, cause no. 2:01 CR 98, docket # 362, ¶ 9(j).) A waiver such as this is generally enforceable unless the waiver was involuntary or counsel was ineffective in negotiating the plea agreement. *Bridgeman v. United States,* 229 F.3d 589, 591 (7th Cir. 2000). Nonetheless, because Key raises other claims (addressed below) alleging ineffective assistance of counsel in the negotiation of

the plea agreement which, if proven true, would render the waiver unenforceable, the court entertains Key's *Blakely/Booker* argument here to err on the side of caution.

The short answer regarding the fate of Key's *Blakely/Booker* claim is that the Seventh Circuit Court of Appeals, in *McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir. 2005), held that *Booker* is not retroactively applicable on collateral review, and therefore *Booker* can afford no relief to Key, whose case became final before the *Booker* decision. For Key's benefit, however, the long answer is provided below.

In 2000, the Supreme Court issued its opinion in *Apprendi v. New Jersey,* 530 U.S. 466 (2000). In that case, the Court, deciding an issue of state law, held that it violated the Sixth Amendment's right to trial by jury for a judge to raise a defendant's sentence beyond the statutory maximum based on facts, other than a prior conviction, not admitted by the defendant or found beyond a reasonable doubt by a jury. *Id.* at 490. Several years later, in *Blakely v. Washington,* the Court struck down the State of Washington's sentencing scheme because it violated the Sixth Amendment and the principle set forth in *Apprendi*. 542 U.S. at 303. The Court clarified *Apprendi* by holding that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." *Id.* at 303-04.

Key's petition argues that the court should apply the principle set forth by the Supreme Court in *Blakely* to the *federal* sentencing scheme. The Supreme Court has since decided this very issue in *United States v. Booker*, 543 U.S. 220 (2005). The Court

determined that the Federal Sentencing Act (as it existed at that time) violated the Sixth Amendment and *Apprendi* because it *required* judges to follow the Federal Sentencing Guidelines; those Guidelines called for judges to consider facts not admitted or found by a jury beyond a reasonable doubt when determining a defendant's sentence, thus raising the defendant's sentence beyond the statutory maximum, as that term was clarified by *Blakely*, in violation of *Apprendi*. *Id.* The Court excised portions of the Act, rendering the Guidelines advisory rather than mandatory, and thereby avoiding the Sixth Amendment problem for future defendants. *Id.*

The Seventh Circuit Court of Appeals recently concluded that *Booker* is not retroactively applicable on collateral review. *McReynolds,* 397 F.3d at 481. In other words, "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *Id.* The date of Key's judgment was August 25, 2003. (Cause no. 2:01cr98, docket # 608.) Because he did not file an appeal, his case became final ten days later. *See Clay v. United States,* 537 U.S. 522, 532 (2003) (judgment becomes final upon expiration of time to file appeal); *Wims v. United States,* 225 F.3d 186, 190 (2d Cir. 2000) (absent appeal, judgment becomes final ten days after judgment); *Martinez v. United States,* No. 02 Civ. 640, 2002 WL 31890948, at *2 (S.D.N.Y. Dec. 27, 2002) (same). Because Key's case became final before January 12, 2005, *Booker* can afford him no relief, and his claim must be denied.

As a related matter, in a supplemental filing Key asked the court to place his § 2255 petition in abeyance pending the Supreme Court's resolution of *Dodd v. United*

*States,* 543 U.S. 999 (2004) (granting certiorari). Key argued that *Dodd* would provide insight into whether *Blakely* would be available retroactively on collateral review. (Obviously, this argument was made under the assumption that *Blakely* should be applied to the federal sentencing scheme in the first place.) The Supreme Court has since decided *Dodd,* but that decision did not address the retroactive applicability of *Blakely,* or *Booker* for that matter. *See generally Dodd v. United States,* 545 U.S. 353 (2005). Nonetheless, as explained above, the Seventh Circuit's *McReynolds* decision did; *Booker* is not retroactively applicable and does not apply to Key's case. 397 F.3d at 481. Accordingly, Key's supplemental motion to place his § 2255 petition in abeyance (cause no. 2:01 CR 98, docket # 707) is denied as moot.

### B. Ineffective Assistance of Counsel

Key also attacks his plea agreement (which is an attack on his *conviction*, as opposed to his sentence), claiming that his attorney was constitutionally ineffective in two respects.[1] Key's waiver of the right to wage collateral attacks only addresses attacks on the sentence and not the conviction, so this argument is not precluded by the plea agreement. *Bridgeman,* 229 F.3d at 592. The test to determine whether an attorney has delivered ineffective assistance such that a defendant's Sixth Amendment right to

---

[1] The court notes that although the consequences of a successful attack on a plea agreement are drastic, and would include the evisceration of the plea agreement and the reinstatement of all counts dismissed by the Government in consideration of the agreement, Key's arguments are relatively cursory, appearing to be an afterthought to Key's main concern– *Blakely* (and *Booker*). Nevertheless, Key has sworn to the truthfulness of the facts stated under penalty of perjury (Memo. 12) and some of the allegations Key makes are serious in nature. The court therefore treats them as such.

counsel has been violated is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).
The *Strickland* test has two prongs. First, the "defendant must show that the
performance of counsel fell outside the 'range of competence demanded of attorneys in
criminal cases' –i.e., that it 'fell below an objective standard of reasonableness.'" *Barrow
v. Uchtman*, 398 F.3d 597, 603 (7th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). There is
a strong presumption of competence. *Id*.

Second, the defendant must show that he suffered prejudice as a result of his
counsel's ineffectiveness. *Id*. In other words, the defendant must demonstrate "a
reasonable probability that, *but for* counsel's unprofessional error, the result of the
proceeding would have been different. A reasonable probability is a probability
sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. When a
defendant argues that his counsel was ineffective in the pleading phase, a defendant
establishes prejudice by proving that "but for counsel's errors, he would not have
pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52,
59 (1985).

The court should deny an ineffective assistance of counsel claim if the defendant
has made an insufficient showing on either prong. *Strickland*, 466 U.S. at 697.  The court
may assess the prongs in whichever order it chooses. *Id*. Additionally, though Key has
made two distinct allegations in support of his claim that his counsel was
constitutionally ineffective, it must be kept in mind that:

> [I]neffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed. Counsel's work must be assessed as a whole; it is the overall deficient performance, rather than a specific failing, that constitutes the ground of relief.

*Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005) (citing *Bell v. Cone,* 535 U.S. 685, 697 (2002); *Strickland,* 466 U.S. at 690; *Holman v. Gilmore,* 126 F.3d 876, 881-84 (7th Cir. 1997)). Thus, while the court addresses the two issues raised by Key individually, it is counsel's performance as a whole that must be judged.

Key's first argument in support of his ineffective assistance of counsel claim is that "his attorney failed to apprise him that he was constitutionally entitled, under *Apprendi* to have a jury determine his relevant conduct concerning the Count to which he pled guilty." (Memo. 3.) Key argues that, had his attorney done so, Key would not have pleaded guilty and would have "demanded a jury to determine his relevant conduct and whether or not he was guilty of possessing a handgun." (*Id.* at 4.)

At the outset, the court notes that at the time Key's attorney counseled him as to whether to plead or go to trial, *Apprendi* was not understood to affect the Federal Sentencing Guidelines. *United States v. Farris,* — F.3d —, 2006 WL 1420818, at *3 (7th Cir. May 25, 2006) ("The Sixth Amendment principle first announced in *Apprendi,* however, did not apply to the U.S. Sentencing Guidelines until the *Booker* decision in January 2005. That *Apprendi* may have foreshadowed *Booker* does not alter the established state of the law in September 2003 . . . ."); *United States v. Macedo,* 406 F.3d 778, 790 (7th Cir. 2005) (noting that in the post-*Apprendi*, pre-*Booker* world, "the Sixth

Amendment and the reasoning of *Apprendi* were not yet understood to apply to the Federal Sentencing Guidelines."). Thus, *Apprendi* was not understood to require jury determination of sentencing factors under the Guidelines. *See, e.g., United States v. Jones,* 248 F.3d 671, 677 (7th Cir. 2001) ("The principal thrust of Jones's argument is that relevant conduct under the Sentencing Guidelines must be proven to the jury beyond a reasonable doubt before it can be used to increase a defendant's sentence. We have squarely rejected this argument."); *United States v. Spiller,* 261 F.3d 683, 691 (7th Cir. 2001); *United States v. Jones,* 245 F.3d 645, 651 (7th Cir. 2001). In fact, at that point in time, the court could have considered even conduct that formed the basis of an acquittal by a jury as relevant conduct for sentencing purposes. *United States v. Schaefer,* 291 F.3d 932, 938 (7th Cir. 2002). Thus, it was not ineffective for Key's attorney to fail to advise Key that *Apprendi* required a jury determination of relevant sentencing factors, because that was not the law in the Seventh Circuit. The only possible advice that his attorney could have given him would have been that Key should pursue an argument that the Federal Sentencing Guidelines were in fact unconstitutional under *Apprendi*. Key's argument essentially rests on the notion that his attorney was ineffective for not suggesting that the landmark case declaring the federal sentencing scheme unconstitutional could be *United States v. Key*, rather than *United States v. Booker*.

However, attorneys are not ineffective for failing to predict changes in the law. *Fuller v. United States,* 398 F.3d 644, 650 n.4 (7th Cir. 2005) (quoting *United States v. Smith,* 241 F.3d 546, 548 (7th Cir. 2001)); *see also Valenzuela v. United States*, 261 F.3d 694, 700

(7th Cir. 2001) ("The Sixth Amendment does not require counsel to forecast changes or advances in the law."); *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993). As the Court of Appeals' *Farris* and *Macedo* opinions aptly illustrate, at the time Key's attorney counseled him, the law was well-settled in this circuit (and, indeed, in all circuits) that *Apprendi* did not affect the Federal Sentencing Guidelines. And though the defendant in *Booker* later succeeded in arguing the very opposite, his argument was built largely on the back of the Supreme Court's *Blakely* decision, which did not exist at the time that Key's attorney counseled him.

In sum, the court cannot find that Key's attorney was ineffective for failing to counsel him on a concept that, at that time, flew completely in the face of established circuit-wide precedent. *See Fuller*, 398 F.3d at 651 ("Fuller does not argue that his trial counsel was ineffective for failing to anticipate *Blakely v. Washington* and *United States v. Booker*, and object on Sixth Amendment grounds to the trial court's imposition of sentencing enhancements. Indeed, no such argument would be tenable.") (internal citations and quotation marks omitted). Accordingly, Key has not overcome the strong presumption that his attorney acted competently by showing that his attorney's conduct fell below an objective standard of reasonableness. Therefore, Key has not established the first prong of *Strickland*, at least with respect to this allegation. *See Strickland,* 466 U.S. at 697.

Key's last argument, and the only allegation remaining in support of Key's claim of ineffective assistance of counsel, relates to his attorney's conduct during the

negotiation of the plea. This time, however, Key argues that his attorney coerced him into pleading guilty. Key states:

> Prior to Petitioner's change of plea hearing, he informed counsel that he was in no way responsible for this erroneous amount of drugs and that he flatly refused to plea guilty to such. Counsel then frightened petitioner by telling him that he would be convicted if he went to trial and that the judge would surely give him life in federal prison and that he would not leave prison until he was carried out in a body bag. Counsel then told Petitioner that if he disputed the government's allegations . . . that the judge would have a fit and give him life imprisonment.[ ] Counsel concluded that if Petitioner wanted to dispute the drug amount that he could find another attorney because he would walk off his case.

(Memo. 5-6.)

Pursuant to RULE 8(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the court will conduct an evidentiary hearing on Thursday, September 28, 2006, at 9:30 a.m., for the purpose of allowing petitioner Key to present evidence in support of this discrete issue only, and the government any evidence in opposition. If Key wishes to withdraw any arguments or request that the court hear evidence on other issues raised in petitioner's § 2255 petition, Key's appointed counsel may file a pre-hearing memorandum by **August 28, 2006,** for the court's consideration. The Government may file its own pre-hearing memorandum by **September 11, 2006**.

## III. CONCLUSION

For the reasons set forth above, Key's supplemental motion to place his § 2255 petition in abeyance (cause no. 2:01 CR 98, docket # 707) is **DENIED** as moot. As to Key's Motion Under § 2255 (cause no. 2:01 CR 98, docket # 698; cause no. 2:04 CV 361,

docket # 1), the court **DENIES** the motion, in part, and **RESERVES RULING**, in part. The court will conduct an evidentiary hearing on the issue of attorney coercion on Thursday, **September 28, 2006**, at **9:30 a.m.**

Pursuant to RULE 8(c) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the court hereby **DIRECTS** the Clerk of the Court to immediately notify the Federal Community Defender for appointment of counsel to represent petitioner Key at the aforementioned evidentiary hearing.

**SO ORDERED.**

**ENTER:** June 13, 2006

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT